O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY S. RYAN,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of<br>Social Security,<br><br>        Defendant. | NO. CV 07-00356-CT<br><br>OPINION AND ORDER |

For the reasons set forth below, it is ordered that the matter be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to defendant Commissioner of Social Security ("the Commissioner") for further administrative action consistent with this opinion and order.

## SUMMARY OF PROCEEDINGS

On January 26, 2007, plaintiff, Mary S. Ryan ("plaintiff"), filed a complaint seeking judicial review of the denial of benefits by the Commissioner pursuant to the Social Security Act ("the Act"). The parties filed a consent to proceed before the magistrate judge. On June 11, 2007, plaintiff filed a brief with points and authorities in support

of remand or reversal.  On June 22, 2007, the Commissioner filed a motion for summary judgment.

## SUMMARY OF ADMINISTRATIVE RECORD

1. Proceedings

On September 16, 2003, plaintiff filed an application for disability insurance benefits, alleging disability since August 20, 2002, due to neck, knee, and back pain, and post traumatic stress syndrome. (TR 76-78, 107).[1]  Plaintiff completed the full administrative process and on August 26, 2004, the ALJ issued a decision that plaintiff was not disabled, as defined by the Act, and thus was not eligible for benefits.  (TR 349-55).

On March 3, 2005, plaintiff filed her current applications for benefits, alleging disability since August 20, 2002, due to degenerative neck and back injury, knee and back pain, post traumatic stress syndrome, migraines, and numbness.  (TR 382-84, 396, 660-63).  The applications were denied.  (TR 363-68, 664-69).

On September 6, 2005, plaintiff filed a request for a hearing before an administrative law judge ("ALJ").  (TR 370).  On May 6, 2006, plaintiff, represented by an attorney, appeared and testified before an ALJ.  (TR 706-57).  The ALJ also considered vocational expert ("VE") testimony.  On August 25, 2006, the ALJ issued a decision that plaintiff was not disabled, as defined by the Act, because she could perform her past relevant work as an office manager and survey worker as well as her past relevant occupations of clinician/therapist and computer technician

---

[1] "TR" refers to the transcript of the record of administrative proceedings in this case and will be followed by the relevant page number(s) of the transcript.

2

as generally performed in the national economy. Thus, plaintiff was not eligible for benefits. (TR 15-28).

On September 8, 2006, plaintiff filed a request with the Social Security Appeals Council to review the ALJ's decision. (TR 11). On December 14, 2006, the request was denied. (TR 8-10). Accordingly, the ALJ's decision stands as the final decision of the Commissioner. Plaintiff subsequently sought judicial review in this court.

2.   Summary Of The Evidence

The ALJ's decision is attached as an exhibit to this opinion and order and, except as otherwise noted, materially summarizes the evidence in the case.

PLAINTIFF'S CONTENTIONS

Plaintiff contends as follows:
1. The ALJ failed to properly consider a consultative psychological evaluation;
2. The ALJ failed to pose a complete hypothetical question to the vocational expert ("VE"); and,
3. The ALJ failed to properly consider the physical and mental requirements of plaintiff's past work.

STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and, (2) the Commissioner used proper legal standards. Macri v. Chater, 93 F.3d 540, 543 (9th Cir. 1996). Substantial evidence means "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401 (1971), but less than a preponderance. Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

When the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, however, the court may not substitute its judgment for that of the Commissioner. <u>Flaten v. Secretary of Health and Human Services</u>, 44 F.3d 1453, 1457 (9th Cir. 1995). The court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate where additional proceedings would remedy defects in the Commissioner's decision. <u>McAllister v. Sullivan</u>, 888 F.2d 599, 603 (9th Cir. 1989).

<u>DISCUSSION</u>

1. <u>The Sequential Evaluation</u>

A person is "disabled" for the purpose of receiving Social Security benefits if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled. First, it is determined whether the person is engaged in "substantial gainful activity." If so, benefits are denied.

Second, if the person is not so engaged, it is determined whether the person has a medically severe impairment or combination of impairments. If the person does not have a severe impairment or combination of impairments, benefits are denied.

Third, if the person has a severe impairment, it is determined whether the impairment meets or equals one of a number of "listed

impairments." If the impairment meets or equals a "listed impairment," the person is conclusively presumed to be disabled.

Fourth, if the impairment does not meet or equal a "listed impairment," it is determined whether the impairment prevents the person from performing past relevant work. If the person can perform past relevant work, benefits are denied.

Fifth, if the person cannot perform past relevant work, the burden shifts to the Commissioner to show that the person is able to perform other kinds of work. The person is entitled to benefits only if the person is unable to perform other work. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

2.  Issues

A.  Psychological Evaluation

Plaintiff asserts that the ALJ failed to give proper weight to the August 9, 2004, consultative psychological evaluation of plaintiff by Margaret A. Donohue, Ph.D.

The ALJ relied on the opinions of state agency consultants that plaintiff's mental impairments are not severe. (TR 551, 553, 555-56). Plaintiff argues that Dr. Donohue's evaluation corroborates the June 6, 2005, evaluation of Dr. Inderjit Seehrai, which the ALJ rejected as based on plaintiff's subjective complaints rather than objective or clinical findings. (TR 24, 334-42, 527-30).

The Commissioner must give "specific and legitimate reasons" that are supported by substantial evidence for rejecting the controverted opinion of an examining physician. Widmark v. Barnhart, 454 F.3d 1063, 1067-68 (9th Cir. 2006); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Here Dr. Donohue and a state agency physician agree that

plaintiff has a mild neurocognitive or post-concussional disorder, but Dr. Donohue also found after review of medical records and testing that plaintiff has a histrionic personality disorder and that her intellectual ability was premorbidly down to low average. Dr. Donohue also opined that plaintiff might do well "if not challenged" but has limited insight and problems with pace and persistence. (TR 341).

In addition, in connection with complaints of headaches, October 18, 2005, magnetic resonance imaging ("MRI") revealed a lesion/cyst in the right scalp and temporal region. (TR 637-38). Moreover, on February 14, 2006, plaintiff underwent a complete thyroidectomy for thyroid cancer. (TR 590-97). She now, according to the ALJ, has hypothyroidism. It is unclear from this record whether these impairments have an impact on plaintiff's mental impairment.

Remand is warranted on this issue.

B. Vocational Expert Hypothetical

Plaintiff contends the ALJ erred in failing to give a complete hypothetical to the vocational expert ("VE").

The assumptions contained in an ALJ's hypothetical to a VE must be supported by the record; otherwise, the opinion of the VE that the claimant has residual working capacity has no evidentiary value. Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993); Embrey v. Bowen, 849 F.2d 418, 422-23 (9th Cir. 1988). Hypothetical questions posed to the VE must set out all of the plaintiff's limitations and restrictions. Embrey v. Bowen, 849 F.2d at 422-23. The hypothetical question must be "'accurate, detailed, and supported by the medical record.'" Osenbrock v. Apfel, 240 F.3d 1157, 1165 (9th Cir. 2001) (quoting Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999)). If limitations based on

subjective complaints are not included in a hypothetical, the ALJ must make specific findings explaining the rationale for disbelieving any of the subjective complaints not included. See Light v. Social Security Administration, 119 F.3d 789, 793 (9th Cir. 1997).

Following remand in this case, in the event the ALJ determines plaintiff has a severe mental impairment, the hypothetical questions asked of the VE must contain all her limitations.

C. Past Relevant Work

At step four, plaintiff has the burden of showing that she can no longer perform her past relevant work. Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001). Nonetheless, the ALJ has the duty "to make the requisite factual findings to support [the ALJ's] conclusion." Id. This duty requires the ALJ to examine plaintiff's "'residual functional capacity ["RFC"] and the physical and mental demands' of [plaintiff's] past relevant work." Id. at 844-45 (quoting 20 C.F.R. §§ 404.1520(e), 416.920(e)).

While the ALJ essentially compared the RFC he found to the demands of plaintiff's past relevant work (TR 26-27), to the extent it is determined on remand that plaintiff has greater mental limitations, the ALJ has this duty.

REMAND IS APPROPRIATE IN THIS CASE

The decision whether to remand a case for additional evidence is within the discretion of the court. Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987). Remand is appropriate if the record is incomplete and additional proceedings would remedy defects in the Commissioner's decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

Having considered the record as a whole, it appears that the present record is insufficiently developed.

### CONCLUSION

Accordingly, it is ordered that the matter be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative action consistent with this opinion.

DATED: 6/25/07

*CAROLYN TURCHIN*
CAROLYN TURCHIN
UNITED STATES MAGISTRATE JUDGE

8